IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT EARL CRUMBLEY, | § | |
| TDCJ-CID NO. 1042057, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-07-0018 |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Robert Earl Crumbley, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state court conviction (Docket Entry No. 1). 28 U.S.C. § 2254. After notifying Crumbley that his petition appeared to be untimely and offering him an opportunity pursuant to Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), this court has concluded from the pleadings and available records that the petition should be dismissed under the provisions of 28 U.S.C. § 2244(d).

I.  **Procedural History**

According to available records and the petition, Crumbley was convicted of aggravated robbery and sentenced to forty years in prison after entering a plea of guilty.  State v. Crumbley,

No. 872,708 (174th Dist. Ct., Harris County, Tex., May 8, 2001). Crumbley filed an appeal, which was dismissed by the Court of Appeals for the Fourteenth District of Texas. Crumbley v. State, No. 14-01-00815-CR, 2002 WL 31235551 (Tex. App. Houston [14th Dist.] Oct. 3, 2002, no pet.). No petition for discretionary review was filed after the Court of Appeals issued its opinion. Id.; see also, http://www.14thcoa.courts.state.tx.us/.

Crumbley filed one state application for a writ of habeas corpus on February 18, 2005. The Texas Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without a hearing. Ex parte Crumbley, No. 61,648-01 (Tex. Crim. App. April 27, 2005). See Texas Judiciary Website, http://www.cca.courts.state.tx.us/opinions/. The federal habeas petition pending in this action is deemed to be filed on December 27, 2006, the date it was executed. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). This court examined the petition and made a preliminary finding that it was untimely as it had been filed more than four years after the Fourteenth Court of Appeals had affirmed the conviction. Although Crumbley was notified of the finding, he did not file a response.

## II. Claims

In his petition (Docket Entry No. 1, at 7) Crumbley contends that he is entitled to relief because

1. he was actually innocent and was convicted because he was denied due process;

2. he was denied effective assistance of counsel;

3. his home was illegally searched; and

4. he did not fit the victim's description of the assailant.

### III.  One-Year Statute of Limitations

Crumbley's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding a habeas petition's timeliness before ordering the State to use its limited resources to answer it. See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Crumbley challenges the validity of a state court judgment. Therefore, his challenge is subject to the time limit set out under § 2244(d)(1)(A). Because Crumbley did not file a PDR, his conviction became final on November 1, 2002, the last day that he could have filed a PDR. Roberts v. Cockrell, 319 F.3d 690, 692-93 (5th Cir. 2003) (the limitations period commenced when the thirty-day period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a). Therefore, Crumbley needed to either file his federal habeas petition by November 1, 2003, or toll the running of the limitation period by filing a state application for a writ of habeas corpus before that date. 28 U.S.C. §§ 2254(d)(1)(A), 2254(d)(2). Any subsequent state habeas application would not toll the period because it would have been filed after the period had expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Consequently, Crumbley's state habeas application, which was filed on February 18, 2005, did not toll limitations.

Crumbley's current federal habeas petition was filed on December 27, 2006, more than four years after the expiration of the limitation period.  Crumbley has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Crumbley's petition is based.  28 U.S.C. § 2244(d)(1)(C).

Equitable tolling does not apply to this proceeding because Crumbley has not presented any rare and exceptional circumstances that would justify tolling.  <u>Turner v. Johnson</u>, 177 F.3d 390, 391-92 (5th Cir. 1999).  Therefore, this action is subject to dismissal because it was filed more than one year after the conviction became final.  28 U.S.C. § 2244(d)(1)(A).

### IV.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations

omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Crumbley has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## V.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2. A Certificate of Appealability is **DENIED**.

3.  The TDCJ-CID Prisoner Trust Fund Account Statement (Docket Entry No. 6), which is liberally construed to be an Application to Proceed In Forma Pauperis, is **GRANTED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 9th day of March, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE